# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| Glynn Purcell, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 2:22-cv-00270-GJF-SMV |
| § | |
| U.S.A. Beef Packing, LLC, § | |
| § | |
| Defendant. § | |

## DEFENDANT U.S.A. BEEF PACKING, LLC'S ORIGINAL
## ANSWER TO AMENDED COMPLAINT AND ORIGINAL COUNTERCLAIMS

Defendant U.S.A. Beef Packing, LLC ("Defendant"), by and through its counsel, files its Original Answer to Plaintiff's Amended Complaint and its Original Counterclaims. Defendant reserves its right to amend its Original Answer and its Original Counterclaims, pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## STATEMENT OF THE CASE

1.  With regard to Paragraph 1.1 of Plaintiff's Amended Complaint, Defendant denies the allegations.

2.  With regard to Paragraph 1.2 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was employed as a non-exempt employee at an hourly wage, but denies the remaining allegations of Paragraph 1.2.

3.  With regard to Paragraph 1.3 of Plaintiff's Amended Complaint, Defendant denies the allegations.

## PARTIES, JURISDICTION, AND VENUE

4. With regard to Paragraph 2.1 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff is a former employee. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining facts alleged and therefore denies them.

5. With regard to Paragraph 2.2 of Plaintiff's Amended Complaint, Defendant admits the allegations.

6. With regard to Paragraph 2.3 of Plaintiff's Amended Complaint, Defendant admits that this Court has jurisdiction over Plaintiff's federal and state wage claims under 28 U.S.C. §§1331 and 1367, but, pursuant to Rule 12 of the Federal Rules of Civil Procedure, reserves for proper motion its response regarding supplemental jurisdiction over Plaintiff's tort claims.

7. With regard to Paragraph 2.4 of Plaintiff's Amended Complaint, Defendant admits that venue is proper, subject to its responses to Paragraphs 2.3 and 2.5 of Plaintiff's Amended Complaint.

8. With regard to Paragraph 2.5 of Plaintiff's Amended Complaint, Defendant admits that this Court has supplemental jurisdiction over Plaintiff's state wage claims under 28 U.S.C. §1367, but, pursuant to Rule 12 of the Federal Rules of Civil Procedure, reserves for proper motion its response regarding supplemental jurisdiction over Plaintiff's tort claims.

## COVERAGE

9. With regard to Paragraph 3.1 of Plaintiff's Amended Complaint, Defendant admits the allegations.

10. With regard to Paragraph 3.2 of Plaintiff's Amended Complaint, Defendant admits the allegations.

11. With regard to Paragraph 3.3, Defendant lacks sufficient knowledge or information sufficient to form a belief about the facts alleged and therefore denies them.

12. With regard to Paragraph 3.4 of Plaintiff's Amended Complaint, Defendant admits the allegations.

13. With regard to Paragraph 3.5 of Plaintiff's Amended Complaint, Plaintiff admits the allegations.

14. With regard to Paragraph 3.6 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff's employment contemplated interaction with or proximity to equipment for use in meat processing that Defendant acquired through interstate commerce. With regard to the remainder of Paragraph 3.6, no response is required, as it states a legal conclusion. In the alternative, to the extent a response is required, Defendant denies the allegations in Paragraph 3.6.

15. Defendant admits the allegations of Paragraph 3.7 of Plaintiff's Amended Complaint, including the further allegations of Sub-Paragraphs 3.7.1 through 3.7.6.

16. With regard to Paragraph 3.8 of Plaintiff's Amended Complaint, Defendant admits the allegations.

17. With regard to Paragraph 3.9 of Plaintiff's Amended Complaint, no response is required, as it states a legal conclusion. In the alternative, to the extent a response is required, Defendant denies the allegations in Paragraph 3.9.

## FACTUAL BACKGROUND

18. With regard to Paragraph 4.1 of Plaintiff's Amended Complaint, Defendant admits the allegations.

19. With regard to Paragraph 4.2 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was employed from approximately September 20, 2021 to approximately October 10, 2021. Defendant denies the remaining allegations of Paragraph 4.2.

20. With regard to Paragraph 4.3 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was employed to perform various duties, including maintenance and repair on equipment. Defendant denies the remaining allegations of Paragraph 4.3.

21. With regard to Paragraph 4.4 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was employed to perform manual labor.

22. With regard to Paragraph 4.5 of Plaintiff's Amended Complaint, Defendant admits the allegations.

23. With regard to Paragraph 4.6 of Plaintiff's Amended Complaint, Defendant admits the allegations.

24. With regard to Paragraph 4.7 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was not paid certain wages but denies he is entitled to the full amount of wages and overtime claimed.

25. With regard to Sub-Paragraph 4.7.1 of Plaintiff's Amended Complaint, Defendant denies the allegations.

26. With regard to Sub-Paragraph 4.7.2 of Plaintiff's Amended Complaint, Defendant denies the allegations.

27. With regard to Sub-Paragraph 4.7.3 of Plaintiff's Amended Complaint, Defendant admits the allegations but denies that the quoted language represents a complete recitation of the text conversation.

28. With regard to Sub-Paragraph 4.7.4 of Plaintiff's Amended Complaint, Defendant admits the allegations but denies that the quoted language represents a complete recitation of the text conversation.

29. With regard to Sub-Paragraph 4.7.5 of Plaintiff's Amended Complaint, Defendant denies the allegations.

30. With regard to Paragraph 4.8 of Plaintiff's Amended Complaint, no response is required, as it states a legal conclusion. In the alternative, to the extent a response is required, Defendant denies the allegations in Paragraph 4.8.

31. With regard to Paragraph 4.9 of Plaintiff's Amended Complaint, no response is required. In the alternative, to the extent a response is required, Defendant denies the allegations in Paragraph 3.2.

32. With regard to Paragraph 4.10 of Plaintiff's Amended Complaint, Defendant denies the allegations.

33. With regard to Paragraph 4.11 of Plaintiff's Amended Complaint, Defendant denies the allegations.

34. With regard to Paragraph 4.12 of Plaintiff's Amended Complaint, no response is required. In the alternative, to the extent a response is required, Defendant denies the allegations in Paragraph 4.12.

35. With regard to Paragraph 4.13 of Plaintiff's Amended Complaint, no response is required. In the alternative, to the extent a response is required, Defendant denies the allegations in Paragraph 4.13.

36.     With regard to Paragraph 4.14 of Plaintiff's Amended Complaint, no response is required.  In the alternative, to the extent a response is required, Defendant denies the allegations in Paragraph 4.14.

37.     With regard to Paragraph 4.15 of Plaintiff's Amended Complaint, no response is required.  In the alternative, to the extent a response is required, Defendant denies the allegations in Paragraph 4.15.

## FACTS REGARDING THE DISCHARGE OF PLAINTIFF

38.     With regard to Paragraph 5.1 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was employed as a welder and denies the remainder of the allegations.

39.     With regard to Paragraph 5.2 of Plaintiff's Amended Complaint, Defendant admits that Paragraph 5.2 references certain state laws.  Defendant denies the remaining allegations of Paragraph 5.2.

40.     With regard to Paragraph 5.3 of Plaintiff's Amended Complaint, Defendant admits that Paragraph 5.3 references certain state laws.  Defendant denies the remaining allegations of Paragraph 5.3.

41.     With regard to Paragraph 5.4 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was not credentialed or licensed to weld, in contradiction to his express representations made to Defendant before his employment and for the purpose of securing his employment as a welder.  As to the remainder of Paragraph 5.4, Defendant admits that Plaintiff references state law but denies that it reflects the statement it is intended to support, but to the extent it states a legal conclusion, no response is required.   In the alternative, to the extent a response is required, Defendant denies the remaining allegations of Paragraph 5.4.

42. With regard to Paragraph 5.5 of Plaintiff's Amended Complaint, Defendant denies the allegations.

43. With regard to Paragraph 5.6 of Plaintiff's Amended Complaint, Defendant denies the allegations.

44. With regard to Paragraph 5.7 of Plaintiff's Amended Complaint, Defendant denies the allegations.

45. With regard to Paragraph 5.8 of Plaintiff's Amended Complaint, Defendant denies the allegations.

## FIRST CAUSE OF ACTION

46. With regard to Paragraph 6.1 of Plaintiff's Amended Complaint, Paragraph 6.1 does not state a separate allegation requiring a response, but to the extent a response is required, Defendant incorporates the foregoing responses as if fully set forth herein.

47. With regard to Paragraph 6.2 of Plaintiff's Amended Complaint, no response is required, as it states a legal conclusion. In the alternative, to the extent a response is required, Defendant denies the allegations in Paragraph 6.2.

48. With regard to Paragraph 6.3 of Plaintiff's Amended Complaint, Defendant denies Plaintiff is entitled to his claimed damages.

49. With regard to Paragraph 6.4 of Plaintiff's Amended Complaint, Defendant denies Plaintiff is entitled to his claimed damages.

## SECOND CAUSE OF ACTION

50. With regard to Paragraph 7.1 of Plaintiff's Amended Complaint, Paragraph 7.1 does not state a separate allegation requiring a response, but to the extent a response is required, Defendant incorporates the foregoing responses as if fully set forth herein.

51. With regard to Paragraph 7.2 of Plaintiff's Amended Complaint, Defendant admits the allegations.

52. With regard to Paragraph 7.3 of Plaintiff's Amended Complaint, Defendant admits the allegations.

53. With regard to Paragraph 7.4 of Plaintiff's Amended Complaint, no response is required, as it states a conclusion. In the alternative, to the extent a response is required, Defendant denies the remaining allegations in Paragraph 7.4.

54. With regard to Paragraph 7.5 of Plaintiff's Amended Complaint, Defendant denies the allegations

55. With regard to Paragraph 7.6 of Plaintiff's Amended Complaint, no response is required, as it states a legal conclusion. In the alternative, to the extent a response is required, Defendant denies the remaining allegations in Paragraph 7.6.

56. With regard to Paragraph 7.7 of Plaintiff's Amended Complaint, Defendant denies the allegations.

57. With regard to Paragraph 7.8 of Plaintiff's Amended Complaint, no response is required, as it states a legal conclusion. In the alternative, to the extent a response is required, Defendant denies the remaining allegations in Paragraph 7.8.

58. With regard to Paragraph 7.9 of Plaintiff's Amended Complaint, no response is required, because Paragraph 7.9 fails to allege facts capable of proof or disproof to which Defendant could reasonably respond. In the alternative, to the extent a response is required, Defendant denies the allegations of Paragraph 7.9.

## **THIRD CAUSE OF ACTION**

59. With regard to Paragraph 8.1 of Plaintiff's Amended Complaint, Paragraph 8.1 does not state a separate allegation requiring a response, but to the extent a response is required, Defendant incorporates the foregoing responses as if fully set forth herein.

60. With regard to Paragraph 8.2 of Plaintiff's Amended Complaint, Defendant admits the allegations.

61. With regard to Paragraph 8.3 of Plaintiff's Amended Complaint, Defendant admits the allegations.

62. With regard to Paragraph 8.4, of Plaintiff's Amended Complaint, Defendant admits that Plaintiff is no longer employed by Defendant but denies the remaining allegations.

63. With regard to Paragraph 8.5 of Plaintiff's Amended Complaint, Defendant denies the allegations.

64. With regard to Paragraph 8.6 of Plaintiff's Amended Complaint, Defendant denies the allegations.

65. With regard to Paragraph 8.7 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was not paid certain wages but denies he is entitled to all wages claimed.

66. With regard to Paragraph 8.8, no response is required, as it states a legal conclusion. In the alternative, to the extent a response is required, Defendant denies the remaining allegations of Paragraph 8.8.

67. With regard to Paragraph 9 of Plaintiff's Amended Complaint, no response is required, as it states a legal conclusion, or fails to allege facts capable of proof or disproof to which Defendant could reasonably respond. In the alternative, to the extent a response is required, Defendant denies the allegations of Paragraph 9.

## FOURTH CAUSE OF ACTION

68. With regard to Paragraph 10.1 of Plaintiff's Amended Complaint, Paragraph 10.1 does not state a separate allegation requiring a response, but to the extent a response is required, Defendant incorporates the foregoing responses as if fully set forth herein.

69. With regard to Paragraph 10.2 of Plaintiff's Amended Complaint, Defendant denies the allegations.

70. With regard to Paragraph 10.3 of Plaintiff's Amended Complaint, Defendant denies the allegations.

71. With regard to Paragraph 10.4 of Plaintiff's Amended Complaint, Defendant denies the allegations.

72. With regard to Paragraph 10.5 of Plaintiff's Amended Complaint, Defendant denies the allegations.

73. With regard to Paragraph 10.6 of Plaintiff's Amended Complaint, Defendant denies the allegations.

## FIFTH CAUSE OF ACTION

74. With regard to Paragraph 11.1 of Plaintiff's Amended Complaint, Paragraph 11.1 does not state a separate allegation requiring a response, but to the extent a response is required, Defendant incorporates the foregoing responses as if fully set forth herein.

75. With regard to Paragraph 11.2 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was not paid certain wages but denies that he is entitled to all wages claimed. Defendant denies the remaining allegations of Paragraph 11.2.

76. With regard to Paragraph 11.3 of Plaintiff's Amended Complaint, no response is required, as it states a legal conclusion. In the alternative, to the extent a response is required, Defendant denies the allegations.

## SIXTH CAUSE OF ACTION

77. With regard to Paragraph 12.1 of Plaintiff's Amended Complaint, Paragraph 12.1 does not state a separate allegation requiring a response, but to the extent a response is required, Defendant incorporates the foregoing responses as if fully set forth herein.

78. With regard to Paragraph 12.2 of Plaintiff's Amended Complaint, Defendant admits that Plaintiff was not paid certain wages but denies that he is entitled to all wages claimed. Defendant denies the remaining allegations of Paragraph 12.2.

79. With regard to Paragraph 12.3 of Plaintiff's Amended Complaint, no response is required, as it states a legal conclusion. In the alternative, to the extent a response is required, Defendant denies the allegations.

## SEVENTH CAUSE OF ACTION

80. With regard to Paragraph 13.1 of Plaintiff's Amended Complaint, Defendant denies the allegations.

81. With regard to Paragraph 13.2 of Plaintiff's Amended Complaint, Paragraph 13.2 does not state a separate allegation requiring a response, but to the extent a response is required, Defendant incorporates the foregoing responses as if fully set forth herein.

82. With regard to Paragraph 13.3 of Plaintiff's Amended Complaint, Defendant admits the allegations.

83. With regard to Paragraph 13.4 of Plaintiff's Amended Complaint, Defendant admits the allegations.

84. With regard to Paragraph 13.5 of Plaintiff's Amended Complaint, Defendant denies the allegations.

85. With regard to Paragraph 13.6 of Plaintiff's Amended Complaint, Defendant denies the allegations.

## **DAMAGES, JURY DEMAND, AND REQUEST FOR RELIEF**

86. With regard to Paragraph 14.1 of Plaintiff's Amended Complaint, Defendant denies the allegations.

87. With regard to Paragraph 15.1 of Plaintiff's Amended Complaint, no response is required.

88. With regard to Paragraph 16.1 of Plaintiff's Amended Complaint, Defendant responds that Paragraph 16.1 requests relief relating to claims for wages and overtime to which Defendant denies Plaintiff is entitled in full. Defendant denies the remaining allegations of Paragraph 16.1 and Sub-Paragraphs 16.1.1 through 16.1.6.

## **AFFIRMATIVE DEFENSE: FRAUD IN THE INDUCEMENT**

89. Before he was employed by Defendant, Plaintiff made false representations of fact to Defendant that he was qualified to weld stainless steel in a plant setting.

90. Plaintiff's false representations included his presentation of a resume to Defendant that claimed Plaintiff possessed "10+ years" of experience in welding.

91. Based on the resume, Plaintiff was invited to interview with Defendant's representatives at Defendant's meat packing plant in or around September 2021. During his interview, Plaintiff confirmed to Defendant's representatives that he possessed qualifications for welding and specifically to weld stainless steel.

92. Defendant was in need of a stainless steel welder, which is a particularly difficult form of welding requiring experience and qualifications. In the Roswell, NM area, where Defendant's plant is located, an individual possessing the experience and qualifications to weld stainless steel is particularly rare.

93. Plaintiff knew or reasonably should have known that Defendant was in need of a stainless steel welder for work at its beef packing plant, because Defendant's representatives explained that Defendant needed a stainless steel welder and described the responsibilities and duties for Plaintiff's employment, including that Plaintiff would work as stainless steel welder at Defendant's plant, and including that Plaintiff would make welding repairs on a stainless steel boiler.

94. Plaintiff knew he did not possess qualifications to be a stainless steel welder, in contradiction to his statements to Defendant's representatives. For example, Plaintiff did not possess the experience in welding he claimed and did not possess any license or credential to weld.

95. Because Plaintiff knew he was not licensed or credentialed to weld, Plaintiff also knew he could not be licensed or credentialed to perform welding on a boiler in compliance with New Mexico laws. *See* NMAC § 14.9.4.16.

96. Despite Plaintiff's knowledge that he did not meet the requirements of the position or the law, and despite his knowledge that he misrepresented his qualifications as meeting those requirements, Plaintiff accepted the position based on his misrepresentations, thereby fraudulently inducing Defendant to enter into an employment relationship with Plaintiff.

97. Plaintiff's services during the period of his employment were woefully inadequate in comparison to what Defendant reasonably expected based on Plaintiff's representations of his qualifications.

98. Plaintiff's services were inadequate because, although he attempted to perform maintenance work requiring welding, the quality of his work was deficient and had to be wholly repaired and/or redone.

99. Plaintiff's services were inadequate for the additional reason that his deficient work placed other employees at the plant in potential harm because Plaintiff entered into an employment relationship with Defendant, based on his false representations, to make repairs to critical plant infrastructure, including to a boiler.

100. At no time during his employment, or subsequent to his employment before this action, did Plaintiff represent he was not actually licensed or credentialed to weld stainless steel. Rather, Plaintiff continued to act pursuant to his false representations that he was qualified to weld stainless steel, despite his lack of qualifications and the evidently poor and dangerous quality of his work.

101. In reliance upon Plaintiff's false representations that he was a licensed or credentialed welder, Defendant entered into an employment relationship with Plaintiff. Had Defendant known the truth that Plaintiff was not licensed or credentialed as a stainless steel welder, Defendant would never have hired Plaintiff.

102. In reliance upon Plaintiff's misrepresentations that he was a licensed or credentialed welder, Defendant entered into an employment re with Plaintiff by which Plaintiff performed deficient and dangerous work that Defendant was required to repair and/or redo, thereby expending considerable time and resources to essentially remove Plaintiff's work and replace it.

103. As a result of his fraudulent inducement, the alleged contract upon which Plaintiff bases his action is void under New Mexico law.

104. Plaintiff is therefore entitled to no damages for breach of contract.

## COUNTERCLAIM 1: FRAUDULENT MISREPRESENTATION

105. Defendant incorporates by reference Paragraphs 89 through 104.

106. Plaintiff made false representations of material facts of his experience and qualifications to work as a stainless steel welder, which false statements Plaintiff made knowingly or recklessly to secure employment with Defendant as a stainless steel welder, and in reliance upon which Defendant hired Plaintiff as a stainless steel welder.

107. Plaintiff's fraudulent statements caused Defendant damages in the form of considerable time and expense to repair and/or redo the deficient and dangerous work Plaintiff performed pursuant to his misrepresentations.

108. Defendant has suffered economic damages commensurate to the harm caused by Plaintiff's fraudulent misrepresentations.

109. Defendant is also entitled to punitive damages for Plaintiff's fraud under New Mexico law. *See Encinias v. Whitener Law Firm, P.A.*, 310 P.3d 611, 620 (N.M. 2013).

## COUNTERCLAIM 2: NEGLIGENT MISREPRESENTATION

110. Defendant incorporates by reference Paragraphs 89 through 109.

111. Plaintiff's efforts to secure employment with Defendant included Plaintiff's statements that were at least misleading in nature so as to influence Defendant to believe Plaintiff possessed experience and qualifications as a stainless steel welder.

112. Plaintiff, in making these statements, failed to exercise reasonable care to explain his lack of experience and qualifications when accepting a position that Defendant's representatives expressly described as reserved for a stainless steel welder and requiring the experience and qualifications of a stainless steel welder.

113. Plaintiff intended Defendant to be influenced by Plaintiff's statements regarding his experience and qualifications, with the reasonably foreseeable consequence that Defendant would hire Plaintiff and be harmed by Plaintiff's unqualified, defective and dangerous work.

114. As a result of his negligent misrepresentations, Defendant suffered damages as described in Paragraphs 107 through 108.

## **DEFENDANT'S REQUEST FOR TRIAL BY JURY**

115. Defendant requests trial by jury on all triable matters.

WHEREFORE, Defendant U.S.A. Beef Packing, LLC requests a judgment for the following relief:

    A.    dismissal of Plaintiff's claims with prejudice;

    B.    damages against Plaintiff on Defendant's counterclaims sufficient to make Defendant whole;

    C.    punitive damages in an amount reflecting Plaintiff's fraud;

    D.    an order of costs;

    E    and other such relief to which Defendant may be justly entitled.

Respectfully submitted,

**SCOTT HULSE, P.C.**
201 North Church Street, Suite 201
Las Cruces, NM 88001
(575) 522-0765
(575) 522-0006 Facsimile
or
201 E. Main Dr., Ste. 1100
El Paso, Texas 79901
(915) 533-2493
(915) 546-8333 Telecopier

By:   */s/Joshua Dwyer*  _____
**Joshua Dwyer**
State Bar No. 138077
**Rosemary M. Marin**
State Bar No. 148307
*Attorneys for Defendant U.S.A. Beef Packing, LLC*

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 7th day of July, 2022, a true and correct copy of this document was filed electronically through the e-filing system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Chris R. Miltenberger
The Law Office of Chris R. Miltenberger, PLLC
1360 N. White Chapel, Suite 200
Southlake, TX 76092
Email: chris@crmlawpractice.com
*Attorney for Plaintiff*

               */s/Joshua Dwyer*_____
               **Joshua Dwyer**