IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**GLYNN PURCELL,**

    PLAINTIFF,

v.                                                                                                                                                   No. 22-cv-0270 GJF/SMV

**U.S.A. BEEF PACKING, LLC,**

    DEFENDANT,

**and**

**U.S.A. BEEF PACKING, LLC,**

    COUNTERCLAIMANT,

v.

**GLYNN PURCELL,**

    COUNTER-DEFENDANT.

## INITIAL SCHEDULING ORDER

       This case is assigned to me for scheduling, case management, discovery, and all non-dispositive motions. Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism are required of counsel. Counsel must read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

       At a status conference held on August 5, 2022, the parties advised the Court that they had exchanged most of the initial disclosures, met and conferred, and filed a Joint Status Report and Provisional Discovery Plan ("JSR"). *See* [Doc. 19].

The Court will determine case management deadlines after considering the parties' requests in the JSR. Parties may not modify case management deadlines on their own. Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the Scheduling Order.

A Rule 16 initial scheduling conference will be held by telephone on **August 18, 2022, at 10:30 a.m. MDT**. At the conference, counsel and any pro se parties must be prepared to discuss their JSR; all claims and defenses; initial disclosures; discovery requests and scheduling; issues relating to the disclosure, discovery, and preservation of electronically stored information; the timing of expert disclosures and reports under Rule 26(a)(2);[1] and the use of scientific evidence and whether it is anticipated that a *Daubert*[2] hearing will be needed. We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c). Lead counsel and parties appearing pro se must participate unless excused by the Court. Parties represented by counsel need not attend.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the Court will hold a Rule 16 Scheduling Conference on **August 18, 2022, at 10:30 a.m. MDT**. The parties must call the Court's AT&T Conference Line, **(888) 363-4734 (access code: 4382538)**, to connect to the proceedings.

**IT IS SO ORDERED.**

                                                **STEPHAN M. VIDMAR**
                                                **United States Magistrate Judge**

---

[1] Counsel should be familiar with the Rule 26 requirements concerning disclosure of expert testimony for witnesses who do not provide a written report. *See* Fed. R. Civ. P. 26(a)(2)(C).
[2] *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993).